200    PEO. ex rel. P. M. S. S. CO. v. COM. OF TAXES.

First Department, August Term, 1875.

THE PEOPLE ex rel. THE PACIFIC MAIL STEAMSHIP COMPANY v. THE COMMISSIONERS OF TAXES, etc.

*Foreign corporations — assessment of property of — capital stock — legal situs of.*

The stock of foreign corporations, owned by individuals or corporations in this State, is not taxable here.

The legal *situs* of the capital stock of a corporation is in the State by which it was created, and does not depend upon the nature or locality of the investments in which the capital of the company may chance to be made.

Certiorari to revise the assessment of the capital stock of the relator.

The relator claims that the assessment should be reduced by deducting therefrom the value of certain shares of stock of the California Dry Dock Company, and also of certain steamships which, although registered at the port of New York, were permanently located on the Pacific coast.

*Morris & Billings*, for the relators.

*James C. Carter*, for the respondents.

Davis, P. J.:

In accordance with the principle of assessment adopted by the commissioners, the value of the California Dry Dock Company stock ($104,250) should also have been deducted. This court has lately held, in *The People ex rel. Trowbridge* v. *The Commissioners* (11 S. C. [4 Hun], 595), that the stock of foreign corporations owned by *individuals* in this State, is not taxable here ; and the Court of Appeals have affirmed that decision. Treating the relators as entitled to the benefit of that rule requires the deduction of the value of such stock. All the other questions we think were disposed of in the case of these relators against the commissioners, in this court and in the Court of Appeals. (8 S. C. [1 Hun], 143 ; S. C., Court of Appeals., Op. by Johnson, J.)

When we consider that the relators are a corporation of this State, and that by the laws of this State such corporations are taxa-

ble upon the actual value·of their *capital stock,* which *capital stock* has no legal *situs* outside of the State where the corporation is created, and that this *situs* does not depend upon the nature or locality of the investments in which the *capital* of the company may chance to be made, it is quite apparent that the relators have been favorably dealt with by the commissioners.

The assessment should be corrected in the particular above mentioned, and affirmed as to the residue, without costs.

DANIELS and BRADY, JJ., concurred.

Assessment modified by deducting the value of the stock of the California Dry Dock Company, and as modified affirmed.